IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BLAKE WILSON, M49014,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 22-cv-02337-SMY |
| | ) |
| **WARDEN GALLOWAY,** | ) |
| **DOCTOR SALANI,** | ) |
| **NURSE KATHY,** | ) |
| **NURSE CODY,** | ) |
| **DOCTOR LAWAL,** | ) |
| **NURSE SUE, and** | ) |
| **DOCTOR DAVID,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Blake Wilson, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations arising from his exposure to pork products in a heparin shot that was administered by staff at Heartland Regional Medical Center on or around August 5, 2022. (Doc. 1, pp. 1-15). The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff is a Sunni Muslim inmate whose religious beliefs prohibit him from consuming pork products. On August 5, 2022, he was transported from Shawnee Correctional Center to Heartland Regional Medical Center, where he was treated for an undisclosed condition. While there, members of the

medical staff administered a heparin shot that allegedly contained pork products. This not only interfered with Plaintiff's religious dietary practices, but also caused an allergic reaction. Plaintiff remained hospitalized and in excruciating pain from August 5-8, 2022. While recovering, he was served meals containing pork by unidentified persons, despite his request for pork-free alternatives.

Plaintiff sues the following staff members at Heartland Regional Medical Center for violations of his rights under the First, Eighth, and Fourteenth Amendments: Doctor Salani, Nurse Kathy, Nurse Cody, Doctor Lawal, and Nurse Sue. He also names two Shawnee officials—Warden Galloway and Doctor David—for failing to share information about his allergies and/or religious practices with the hospital staff.

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

Count 1: Defendants interfered with Plaintiff's religious exercise by administering a heparin shot and a hospital diet containing pork products at Heartland Regional Medical Center in August 2022, in violation of his religious rights under the First Amendment and/or RLUIPA.

Count 2: Defendants exhibited deliberate indifference to Plaintiff's serious medical needs by administering a heparin shot that caused an allergic reaction in August 2022, in violation of his rights under the Eighth Amendment.

Count 3: Defendants violated Plaintiff's due process rights by administering a heparin shot that caused an allergic reaction in August 2022, in violation of the Fourteenth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

Plaintiff claims that one or more defendants interfered with his religious exercise when they administered a shot and hospital diet containing pork products. The Court generally construes a state inmate's religious interference claim under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

The First Amendment prohibits state and local actors from imposing a substantial burden on the free exercise of religion unless the burden is reasonably related to a legitimate penological interest. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). Because § 1983 creates a cause of action based on personal liability and predicated upon fault, liability does not "attach unless an individual defendant caused or participated in a constitutional violation" *and* that person was acting under color of state law at the time. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). RLUIPA prohibits substantial burdens on "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); 42 U.S.C. § 2000cc-5(7)(A). RLUIPA also applies to state and local governments and to those acting under color of state law. 42 U.S.C. § 2000cc-5(4).

The defendants are mostly hospital physicians and nurses. As a general rule, § 1983 provides no recourse against private citizens.[2] Here, Plaintiff does not allege that these private citizens acted under color of state or local law or in concert with state actors to deprive him of his constitutional rights.

Moreover, the Complaint fails to identify which defendants, if any, were involved in a

---

[2] There are two situations in which private citizens are considered to be "acting under color of state law" under § 1983: (1) where a private citizen has conspired with a public employee to deprive the plaintiff of his constitutional rights; and (2) where the private citizen temporarily operates as a public officer, as in cases where the private citizen is informally "deputized" in an emergency to assist the police and help enforce the law. *Proffitt v. Ridgway*, 279 F.3d 503 (7th Cir. 2002).

decision about Plaintiff's hospital treatment or diet. It is unclear who at the hospital made the decision to administer a heparin shot or who actually administered it. It is also unclear who made the decision to provide him with a hospital diet containing pork. In addition, there is no indication that hospital staff worked with the prison warden or prison physician to make any decisions about Plaintiff's treatment or diet. Given this lack of basic information about each defendant's personal involvement in treatment and dietary decisions, Count 1 will be dismissed without prejudice for failure to state a claim for relief against any defendants.

**Count 2**

The Eighth Amendment governs a prisoner's claim for the denial of medical care. To state a viable claim, a prisoner must set forth allegations showing that he suffered from a sufficiently serious medical condition and that each defendant responded with deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

An objectively serious medical condition is one that has been diagnosed by a physician as requiring treatment or the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Although Plaintiff has not identified what medical condition required treatment at the hospital, he describes an allergic reaction that was sufficiently serious to satisfy the objective component of this claim at screening.

To proceed past threshold review of this claim however, Plaintiff must also show deliberate indifference by each defendant – that each defendant knew of and disregarded and excessive risk to his health. *Id*. Deliberate indifference entails more than negligence or even gross negligence. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Plaintiff has not alleged that any of the defendants knowingly disregarded a serious risk of harm to his health when they administered the heparin shot. At most, Plaintiff's allegations describe negligence. Because the allegations fail to state a colorable deliberate indifference claim against any defendants, Count 2 will also be dismissed without prejudice for failure to state a claim for relief.

**Count 3**

It is unclear why Plaintiff referred to a claim under the Fourteenth Amendment. Although the Fourteenth Amendment Due Process Clause governs medical claims brought by pretrial detainees, Plaintiff's allegations make clear that he was transported from prison to an outside hospital for medical care. The Eighth Amendment, not the Fourteenth Amendment, thus governs his claim for medical deliberate indifference. Nor has Plaintiff alleged a Fourteenth Amendment substantive due process claim against any particular defendant for violating a protected liberty interest in refusing unwanted medical treatment. *See Washington v. Glucksberg*, 521 U.S. 702 (1997) (citing *Cruzan by Cruzan, Director, Missouri Dept. of Health*, 497 U.S. 261, 279 (1990) (O'Connor, J., concurring) ("[A] liberty interest in refusing unwanted medical treatment may be inferred from our decisions."). Count 3 will therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Pending Motion**

Plaintiff's Motion to Appoint Counsel (Doc. 19) is **DENIED without prejudice**. An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has submitted copies of two letters from attorneys who declined to represent him. (Doc. 12-1). However, he has

not established that he is unable to represent himself. His Complaint and related motions are organized, coherent, and timely filed. Plaintiff cites impediments to litigation that are no different than challenges faced by all *pro se* litigants, including limited access to a law library, limited knowledge of the law, and difficulties questioning or cross-examining witnesses. Given the early stage of this case and Plaintiff's ability to litigate this matter to date, the Court declines to recruit counsel for him at this time. Plaintiff may renew his request by filing a new motion as the case proceeds if litigation becomes too difficult for him at later stages.

## Disposition

The Complaint is **DISMISSED without prejudice** for failure to state a claim, including **COUNTS 1, 2,** and **3** against the defendants. The Clerk's Office is **DIRECTED** to **TERMINATE ALL DEFENDANTS** as parties in CM/ECF. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **August 7, 2023**.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and list this case number (No. 22-cv-02337-SMY)**. Plaintiff should identify each defendant in the case caption and include sufficient allegations to describe what each defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name to identify the actors and each defendant's actions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed

Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading, and it is subject to review under § 1915A.

If Plaintiff fails to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:** July 10, 2023

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
