IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BLAKE WILSON, M49014,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-02337-SMY |
| ) | |
| **WARDEN GALLOWAY,** ) | |
| **DOCTOR SALANI,** ) | |
| **NURSE KATHY,** ) | |
| **NURSE CODY,** ) | |
| **DOCTOR LAWAL,** ) | |
| **NURSE SUE, and** ) | |
| **DOCTOR DAVID,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Blake Wilson on July 19, 2023. (Doc. 21). Plaintiff asserts claims against staff members at Shawnee Correctional Center and Heartland Regional Medical Center for alleged deprivations of his federal rights resulting from his exposure to pork products at the hospital emergency room on August 5, 2022. *Id*. The Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 21, pp. 2-3): Plaintiff is a Sunni Muslim inmate whose religious beliefs prohibit him from consuming pork products. He is also allergic to pork.

1

On or around August 5, 2022, Plaintiff was taken from Shawnee Correctional Center to Heartland Regional Medical Center for treatment of rhabdomyolysis. Shawnee's warden (Warden Galloway) and physician (Dr. David) should have "sign[ed] off" on paperwork authorizing his transportation to the hospital. This paperwork also should have provided the hospital's staff with enough information about his condition to treat him. By failing to transmit the proper documentation, both prison officials interfered with his "religious and various constitutional rights." *Id*.

While in the emergency room, Plaintiff informed Dr. Salani that he could not ingest pork due to his religious beliefs and allergies. Plaintiff put the doctor on notice of this before he was served two meals containing pork. After the first meal, Dr. Salani told Plaintiff that the hospital staff would note this information in his chart if he was admitted to the hospital. The doctor repeated the same statement after Plaintiff was served a second meal containing pork. Dr. Salani also decided to administer Plaintiff heparin shots containing pork that caused an allergic reaction, in the form of a rash, and was not treated with ointment, cream, or other medication.[1]

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Amended Complaint:

> Count 1: Defendants interfered with Plaintiff's religious exercise by administering a heparin shot and a hospital diet containing pork products at Heartland Regional Medical Center in August 2022, in violation of his rights under the First Amendment and/or the Religious Land Use and Institutionalized Persons Act (RLUIPA).
>
> Count 2: Defendants exhibited deliberate indifference to Plaintiff's serious medical needs by administering a heparin shot and a hospital diet that caused a rash in August 2022, in violation of his rights under the Eighth Amendment.

---

[1] Heparin shots were administered to prevent Plaintiff from suffering blood clots. When Plaintiff developed a rash from the shots, Dr. Lawal and Nurses Kathy, Cody, and Sue simply stopped giving him the shots and used a machine to compress his legs and prevent blood clots instead. *Id*. at 2.

2

      Count 3:      Defendants violated Plaintiff's due process rights by administering a heparin shot that caused a rash without his informed consent in August 2022, in violation of his rights under the Fourteenth Amendment.

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Counts 1, 2, and 3[3] – Dr. Salani

The Court will allow the First Amendment claim and RLUIPA claim (Count 1), Eighth Amendment medical deliberate indifference claim (Count 2), and Fourteenth Amendment informed consent claim (Count 3) to proceed against Dr. Salani. Plaintiff allegedly informed the doctor of his religious dietary restrictions and pork allergy before receiving heparin shots and two meals containing pork in the emergency room. Because this doctor treated the state inmate in a hospital emergency room for an urgent medical condition, the allegations at least suggest that he served as a state actor by fulfilling an essential state function at the time. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009) (voluntary assumption by private party of state's responsibility to provide medical care to inmates renders private party a state actor). Therefore, Counts 1, 2, and 3 shall proceed against Dr. Salani.

### Counts 1, 2, and 3 – All Other Defendants

The allegations do not suggest that any other defendant infringed on Plaintiff's rights under the First Amendment or RLUIPA (Count 1), exhibited deliberate indifference to his serious medical needs under the Eighth Amendment (Count 2), or forced him to endure unwanted medical treatment in violation of the Fourteenth Amendment (Count 3). Plaintiff brings these three

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[3] The Court previously set forth the applicable legal standards for these claims in the Order Dismissing Complaint entered July 10, 2023, and incorporates them by reference here. (*See* Doc. 20).

3

constitutional claims under § 1983, which imposes liability only on individual defendants who cause or participate in a constitutional violation while acting under color of state law. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Warden Galloway and Dr. David are named in this case because they "should have" signed off on documentation authorizing Plaintiff's transportation and treatment. These allegations fall far short of articulating a plausible claim against these two defendants under the First, Eighth, or Fourteenth Amendments. *See Twombly*, 550 U.S. at 570 (a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). As such, all three claims shall be dismissed with prejudice against them.

Dr. Lawal, Nurse Kathy, Nurse Cody, and Nurse Sue are named as defendants because they did not offer ointment or other medication for the plaintiff's rash. It is also clear from the complaint allegations that these defendants stopped Plaintiff's heparin shots and employed a mechanical leg compression device, which was administered to prevent blood clots and also resolved his rash. On these facts these defendants' actions do not support a claim. Therefore, Counts 1, 2, and 3 will be dismissed with prejudice against them.

## Disposition

The Amended Complaint (Doc. 21) survives screening pursuant to 28 U.S.C. § 1915A. **COUNTS 1, 2,** and **3** will proceed against **DR. SALANI**, in his or her individual capacity. **COUNTS 1, 2,** and **3** against **ALL OTHER DEFENDANTS** are **DISMISSED** with prejudice for failure to state a claim.

The Clerk shall prepare for **DR. SALANI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 21), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**Because one or more claims arise from the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:** October 10, 2023                    *s/ Staci M. Yandle*
                                                                          **STACI M. YANDLE**
                                                                          **United States District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve the Defendant with a copy of your Amended Complaint. After service has been achieved, the Defendant will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before the Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.